**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ARROYAL M. HALL,** ) | CASE NO. 1:05CV2382 |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | JUDGE PETER C. ECONOMUS |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OPINION &** |
| **Respondent.** ) | **ORDER** |

This matter is before the Court upon Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. #1). Also before the Court is the Government's Response in Opposition to Petitioner's Motion (Dkt. #6) and Petitioner's reply (Dkt. #7). For the reasons set forth below, Petitioner's motion is **DENIED**.

**I. FACTUAL BACKGROUND**

A federal grand jury indicted Petitioner, Arroyal M. Hall, and 14 others on December 17, 2003, for violations of Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Specifically, count one of the indictment charged:

> Beginning at least as early as 2002, and continuing through December, 2003, the exact dates to the Grand Jury unknown, in the Northern District of Ohio, Eastern Division, and elsewhere, TAMIR ABDULLAH, DAVID ANDERSON, DEMETRIUS BELL, aka MEECHI, CALVIN CAVER, aka C, FRED CLOUD, ANDRE P. COLLIER, aka LIL DRE, ARROYAL M. HALL, RALPH JONES, MICHAEL MORRIS, aka LIL MIKE, RANDALL RAMSEY, aka DEL, DEREK STOKES, YOHNELL WALKER, aka YAYA, DAJUAN M. WILEY, aka TYSON, ALLEN WILSON, aka STRETCH, RONDELL P. WYLIE, aka CARTOON, the defendants herein, and Rahsaan Felix, named but not a defendant herein, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree

> together and with each other, and with diverse others known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute more than 50 grams of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

(Case No. 1:03cr486, Dkt. #1). The indictment also charged Petitioner with violating 21 U.S.C. § 841(a)(1) and (b)(1)(B). Count sixteen of the indictment charged:

> On or about May 14, 2003, in the Northern District of Ohio, Eastern Division, ARROYAL M. HALL and TAMIR ABDULLAH, did knowingly and intentionally possess with the intent to distribute and did distribute approximately 20.8 grams of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and Title 18, United States Code, Section 2.

(Case No. 1:03cr486, Dkt.#1). On April 19, 2004, the Government filed an information, notifying Petitioner of the Government's intent to seek an enhanced statutory penalty under 28 U.S.C. § 851. (Case No. 1:03cr486, Dkt.#210-211). This was based upon Petitioner's two prior felony drug convictions.

On April 21, 2004, Petitioner, while represented by counsel, offered to enter into a plea agreement with the Government whereby he agreed to enter a plea of guilty to count one of the indictment. The terms of Petitioner's plea agreement stated that because the Government had filed a notice pursuant to 28 U.S.C. § 851 informing Petitioner of his two prior felony drug convictions, Petitioner's enhanced statutory penalty for the conspiracy offense was a mandatory minimum of ten years to a maximum of life imprisonment. The Court accepted the plea and on October 15, 2004, sentenced the Petitioner to, *inter alia*, 140 months imprisonment followed by four years of supervised release. Petitioner did not file

a direct appeal of this sentence or his conviction.

On October 11, 2005, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In said motion, Petitioner contends that his defense counsel acted ineffectively by failing to object to Petitioner's career offender status. Specifically, Petitioner contends that his rights under the Sixth Amendment, the double jeopardy clause of the Fifth Amendment, and his rights under the Eighth Amendment were violated when defense counsel failed to object to the Court's use of Petitioner's criminal history to enhance his statutory maximum sentence. Petitioner further argues that his defense counsel should have objected to Petitioner's enhanced offense level of 37 under the Career Offender provision of the United States Sentencing Guidelines.

## II.    STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

Additionally, "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir.

2001). Rather, "sentencing challenges must be made on direct appeal or they are waived." Id. However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in Strickland v. Washington." Id. (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). As Petitioner alleges ineffective assistance of counsel in relation to each of the claims asserted in the present motion, this Court will review those claims to determine whether defense counsel effectively represented Petitioner.

### III. ANALYSIS

In Strickland, the Supreme Court set out a two-part test to evaluate ineffective assistance of counsel claims. In a successful claim, a criminal defendant must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 688-94. In short, a petitioner must demonstrate both deficient performance and prejudice. Id. at 686.

A petitioner's burden in the context of a guilty plea is the same, except that, to prove the second component, he must demonstrate that he would have reached a different decision to plead. O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, at 59.

The Supreme Court has also held that a court's review of counsel's performance

-4-

"must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.  Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Darden v. Wainright, 477 U.S. 168, 185-86 (1985)(citations omitted).

*Sixth Amendment*

The Government filed a notice of enhancement of sentence pursuant to 21 U.S.C. §§ 851 and 841 because Petitioner had previously been convicted of two prior felony charges. Petitioner argues that his received inefficient assistance of counsel because the Court "could not properly enhance defendants [sic] "Present" Federal conviction, defendant [sic] never went to "trial" on any of his prior convictions in state court." (Dkt. #1). Petitioner contends that "[p]revious convictions must stand only when defendant has been tried by [a] [sic] jury of (his/her) [sic] pairs [sic]."  (Dkt. #1).  However,  the United States Court of Appeals for the Sixth Circuit has held that such career offender enhancements do not violate the Sixth Amendment.  United States v. Bradley, 400 F.3d 459, 463 (6th Cir.2005).

Moreover, the Supreme Court in Booker v. Fanfan, 543 U.S. 220, 232 (2005) noted that "the statutory maximum . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  (citations omitted and emphasis removed).  In his plea agreement, Petitioner explicitly agreed that he

-5-

had been previously convicted of the felony offenses alleged in the Government's § 851 notice. (Case. No. 1:03cr486, Dkt. #239, Plea Agreement ¶ 5). Further, Petitioner waived any challenge to the prior convictions and sentencing enhancement. (Case No. 1:03cr486, Dkt. #239, Plea Agreement ¶ 13). Defense counsel's conduct is reasonable under such circumstances. Accordingly, Petitioner's Sixth Amendment violation claim must fail.

*Fifth Amendment/Double Jeopardy*

Petitioner next contends that defense counsel acted inefficiently by failing to raise a double jeopardy violation when the Court used Petitioner's criminal history to increase his statutory maximum sentence. However, the United States Court of Appeals for the Sixth Circuit has found that "it is well established that habitual criminal laws, which the career offender guidelines emulate, withstand ex post facto and double jeopardy challenges." United States v. LaSalle, 948 F.2d 215, 218 (6th Cir.1991)(citing Spencer v. Texas, 385 U.S. 554, 560 (1967)).

The Supreme Court has found double jeopardy protections inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an "offense." Monge v. California, 524 U.S. 721 at 728 (1998) (citations omitted). Furthermore, "[a]n enhanced sentence imposed on a persistent offender thus 'is not to be viewed as a either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.'" Id. (citations omitted).

Petitioner contends that the Court violated the double jeopardy clause of the Fifth

Amendment in applying "a § 851 enhancement and a career offender enhancement," arguing that "once the court has granted career offender the § 851 enhancement is (void) [sic]." (Dkt. #1). However, Petitioner's plea agreement specifically states that "the United States has filed a notice, in accordance with the provisions of Title 21, § 851(a)(1), United States Code, setting forth two prior felony drug convictions for the defendant, and invoking the penalty enhancement provisions . . . consequently the statutory penalty for Count 1 is a mandatory minimum of ten years to a maximum of Life incarceration." (Case No. 1:03cr486, Dkt. #239, Plea Agreement ¶ 3). Furthermore, paragraph nine of the plea agreement states:

> For purposes of determining the defendant's statutory penalty and imprisonment range under the United States Sentencing Guidelines, the defendant and government agree and stipulate that the amount of cocaine base ("crack") conspired to be possessed with the intent to distribute and distributed by the defendant in Count 1 is at least 5 grams, but less than 20 grams, which corresponds to a base offense level of 26. **However, the parties realize that the defendant may be classified as a career offender based upon his prior criminal record. The parties agree and stipulate that if the defendant is classified as a career offender pursuant to 4B1.1 of the Guidelines, his base offense level will be 37 and his criminal history category will automatically be VI.**

(Case No. 1:03cr486, Dkt. #239, Plea Agreement ¶ 9) (emphasis added). Accordingly, Petitioner's sentence of 140 months for count 1 of the indictment constitutes a heightened punishment based upon Petitioner's classification as a persistent offender and not as an additional sentence for the prior felony convictions. Petitioner's double jeopardy argument therefore fails.

*Eighth Amendment*

Petitioner next contends that his defense counsel was deficient in not arguing that

Petitioner's sentence violated the Eighth Amendment. As stated above, the statutory maximum penalty applicable in Petitioner's case is life imprisonment. This Court sentenced Petitioner to 140 months imprisonment. "[A] sentence within statutory limitations does not violate the Eighth Amendment." United States v. Williams, 15 F.3d 1356, 1364 (6th Cir.1994). As Petitioner's sentence is far less than the statutory maximum, no Eighth Amendment violation occurred. Petitioner's argument fails on this point as well.

*Enhanced Offense Level of 37*

Finally, Petitioner claims that "counsel never gave any attempt [to] fight" Petitioner's enhanced offense level. (Dkt. #1, 7). Petitioner contends that his enhanced offense level under the career offender provision should have been 34 rather than the level 37 relied upon by the Court. In his plea agreement, however, Petitioner explicitly agreed that if the Court classified Petitioner as a career offender under the Guidelines, his base offense level will be 37 and his criminal history category will automatically be VI. (Case No. 1:03cr486, Dkt. #239, Plea Agreement ¶ 9). Accordingly, Petitioner's defense counsel did not perform inefficiently for failing to contest the terms of a plea agreement voluntarily entered into by Petitioner. Petitioner's claim therefore fails.

**IV.     EVIDENTIARY HEARING**

Section 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." See Green, 445 F.2d at 848; Bryan, 721 F.2d at 577

(6th Cir. 1983).

In the case *sub judice*, Petitioner is not entitled to an evidentiary hearing because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief." Green, 445 F.2d at 848. Accordingly, Petitioner's request for an evidentiary hearing is denied.

## V. CONCLUSION

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**. Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

                                                **/s/ Peter C. Economus - April 5, 2006**
                                                **PETER C. ECONOMUS**
                                                **UNITED STATES DISTRICT JUDGE**